# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **KELLY CHRISTIAN BROWN,**<br><br>Plaintiff,<br><br>v.<br><br>**MATTHEW B. JANTZEN, BENJAMIN B. WILLOUGHBY, TROY S. RAWLINGS, DAVID J. WILLIAMS, CJ EVANS,**<br><br>Defendants. | ORDER AFFIRMING AND ADOPTING REPORT & RECOMMENDATION<br><br>Case No. 1:24CV00058-DAK-DBP<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

This case was assigned to United States District Court Judge Dale A. Kimball, who referred the case to United States Magistrate Judge Dustin B. Pead under 28 U.S.C. § 636(b)(1)(B). On April 29, 2024, the State Defendants filed a Motion to Dismiss for Failure to State a Claim.[1] On June 5, 2024, the Davis County Defendants filed a Motion for Judgment on the Pleadings.[2] Plaintiff failed to file any opposition to Defendants' respective motions, and on July 20, 2024, the court entered an Order to Show Cause why this case should not be dismissed.[3] In response, on August 28, 2024, Plaintiff filed a "Notice and Motion to Strike" that copied portions of his Complaint.[4] On November 5, 2024, the Magistrate Judge entered a Report and Recommendation, recommending

---

[1] ECF No. 13.
[2] ECF No. 17.
[3] ECF No. 19.
[4] ECF No. 21.

that the Motion to Dismiss and Motion for Judgment on the Pleadings be granted and that Plaintiff's Notice and Motion to Strike be denied.[5]

The Report and Recommendation notified the parties that any objection to the Report and Recommendation must be filed within fourteen days of being served with a copy of the Report and Recommendation. Plaintiff filed a Motion for Extension of Time "for Appeal." The court construed the motion as a motion for an extension of time to file an objection, which the court granted, giving Plaintiff until December 20, 2024, to file an objection.[6] On December 20, 2024, Plaintiff asked for another extension—until January 24, 2025—which the court granted.[7] On January 24, 2025, Plaintiff filed another motion for an extension of time. The court granted a thirty-day extension of time, but not the 60-day extension that Plaintiff had requested. The court ordered that the objection must be postmarked by no later than February 26, 2025, and that no further extension would be granted.[8]  The court has not received an objection.

"In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150, (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). The court is satisfied that Judge Pead's Recommendation is sound and that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(a).

---

[5] ECF No. 22
[6] ECF Nos. 23, 24.
[7] ECF Nos. 25 & 26, respectively.
[8] ECF No. 29.

Accordingly, the court affirms and adopts Magistrate Judge Pead's Report and Recommendation in its entirety. Accordingly, the State Defendants' Motion to Dismiss for Failure to State a Claim [ECF No. 12] is GRANTED, and the Davis County Defendants' Motion for Judgment on the Pleadings [ECF No. 17] is GRANTED. Plaintiff's Notice and Motion to Strike [ECF No. 21] is DENIED.  This action is therefore DISMISSED.

DATED this 5th day of March 2025.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge